McKinney, J.,
delivered the opinion of the Court.
The bill seeks to subject the directors of the bank, personally, to the payment of $5,750.00, of the notes issued by the bank, in circulation at the time of its failure, of which the complainant became owner. Payment or redemption of said notes having been demanded after the failure of the bank, and refused, the complainant sued the corporation before a justice of the *147 peace, and recovered several judgments upon which executions issued and were returned “no property found.”
The bill was against Churchwell (who, it is alleged, was the owner of the stock,) and the directors, to hold the latter “ responsible, in their private property,” for the satisfaction of said judgments, under the provisions of the 12th section of the act incorporating said bank, on the ground, that the corporation had violated the charter in exceeding the amount of issues authorized to be made by the bank, and in extending accommodations to Churchwell, to an amount and in modes, not authorized to be given by the charter.
No proceeding of any kind, was instituted against the corporation previous to the filing of this bill, or since, to establish the violations ©f the charter, on the alleged existence of which the complainant bases his claim to relief; nor is the corporation made a party to this bill; neither is it distinctly alleged in the bill that the assets of the bank are exhausted.
■ The bill was demurred to, and the Chancellor allowed the demurrer and dismissed the bill. The case is brought, by writ of error, to this Court.
Upon any just construction of the 12th section of the act of incorporation, it must be held, that there are «two indispensable pre-requisites to entitle the complainant to charge the directors personally: First. That the alleged violations of the charter shall be established in a direct proceeding against the corporation for that purpose, by some judicial proceeding in a Court of Record in this State. The 12th section does not demand, as preliminary to charging the directors with personal liability, that a forfeiture of the charter should be first actually declared, as against *148 the corporation. It is enough to lay a ground for such personal charge, that the fact of violation of the charter, in either of the ways specified, has been made to appear in a proceeding “ by scire facias, or any other judicial proceeding in any of the Courts of Record of this State.” And although by the common law the forfeiture of a charter can only be enforced in a Court of law, in a proceeding by scire facias, or on an information in the nature of a writ of quo warranto. Yet in this State there can be no doubt that, under the act of 1846, ch. 55, a Court of Chancery is invested with the jurisdiction to inquire into and determine the fact of a violation of the charter by the corporation, in the respects indicated in the 12th section of the act incorporating the Bank of East Tennessee.
It is clear, that inasmuch as the fact of such violation of the charter constitutes the only ground for holding the directors personally responsible, there can exist no right or cause of proceeding against them, until the violation of the charter shall have been previously established against the corporation..
The second pre-requisite is, that the assets of the-bank of every description, legal or equitable, shall have been exhausted. The individual liability of the directors cannot be enforced so long as there may remain any property or effects of the corporation to redeem its notes, or discharge its debts.
Upon the establishment of the violation of the charter, as contemplated by the 12th section, the directors may be proceeded against by an original bill; or, to save circuity, they might be brought in by a supplemental bill filed in the pending suit against the corpora* *149 tion. But wbicb ever mode may be adopted, it must be alleged and shown, that the fact of violation of the charter has been previously established; and the measure of the liability of the directors will be the amount which the effects of the . corporation may fall short of discharging its liabilities, in consequence of such violation of the charter. This, in the words of the charter, is the “loss or damage” for which “the directors voting for, or who may have sanctioned such violations of the charter shall be responsible in their private property.”
In this view the demurrer was properly allowed. The cause will be remanded to await a proceeding against the corporation, as hereinbefore indicated.